IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

EUGENE "MERCURY" MORRIS,   :
                           :
    Plaintiff,             :
                           :
vs.                        :     Case No. 10-22750-Civ-
                           :     COOKE/BANDSTRA
THE NATIONAL FOOTBALL      :
LEAGUE RETIREMENT BOARD,   :
                           :
    Defendant.             :

## ANSWER AND AFFIRMATIVE DEFENSES
## OF THE RETIREMENT BOARD OF THE BERT BELL/PETE
## ROZELLE NFL PLAYER RETIREMENT PLAN

Defendant, the Retirement Board of the Bert Bell/Pete Rozelle NFL Player Retirement Plan ("Retirement Board" and "Plan," respectively) – erroneously designated by Mr. Morris as the "National Football League Retirement Board" – responds below to the specific numbered paragraphs of the Complaint filed by Plaintiff Eugene "Mercury" Morris ("Plaintiff" or "Mr. Morris").  Headings from the Complaint are incorporated solely for organizational and reference purposes.

In response to the first introductory paragraph of the Complaint, the Retirement Board admits that Mr. Morris, a Plan participant, filed an action for Plan benefits governed by § 502(a)(1)(B) of Employee Retirement Income Security Act of 1974, as amended ("ERISA"), codified at 29 U.S.C. § 1132(a)(1)(B).  The Retirement Board denies any remaining factual allegations in the paragraph.

In response to the second introductory paragraph of the Complaint, the Retirement Board admits that Mr. Morris submitted an application for retirement benefits under the Plan dated November 20, 2007. The Retirement Board further admits that, beginning in February 2008, Mr. Morris began receiving a monthly retirement benefit from the Plan of $3,102.07. The Retirement Board denies the remaining allegations in the paragraph.

1.  The Retirement Board denies the allegations in paragraph 1 of the Complaint (including the footnote to paragraph 1) and avers instead that the referenced Settlement Agreement and Specific Release ("SASR") speaks for itself.

1.a.  The Retirement Board admits the allegation in paragraph 1.a of the Complaint that the SASR does not impact Mr. Morris's retirement benefits under the Plan. The Retirement Board denies the remaining allegations in the paragraph.

1.b.  The Retirement Board admits the allegation in paragraph 1.b. of the Complaint that Mr. Morris receives a monthly pension of $3,102.07. The Retirement Board denies the remaining allegations in the paragraph.

1.c.  The Retirement Board admits the allegation in paragraph 1.c. of the Complaint that the Plan has been amended multiple times since 1991 to reflect increases in benefits. The Retirement Board denies the remaining allegations in the paragraph and further avers that the Plan document speaks for itself.

1.d.  The Retirement Board denies the allegations in paragraph 1.d. of the Complaint.

2. The Retirement Board denies the allegations in paragraph 2 of the Complaint. The Retirement Board further avers that its written decisions and the Plan document speak for themselves.

2.a. The Retirement Board denies the allegations in paragraph 2.a. of the Complaint. The Retirement Board further avers that its written decisions and the Plan document speak for themselves.

2.b. The Retirement Board denies the allegations in paragraph 2.b. of the Complaint that the referenced 25% reduction does not apply to Mr. Morris. The Retirement Board lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the paragraph.

In addition to the foregoing responses to the allegations of the Complaint set forth in this Answer, the Retirement Board denies each and every allegation of fact and conclusion of law in the Complaint not otherwise specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES AND DEFENSES

Having stated its answers to the enumerated paragraphs of the Complaint, the Plan sets forth the following affirmative defenses and defenses.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim fails for failure to pursue and exhaust administrative remedies..

## THIRD AFFIRMATIVE DEFENSE

The determinations of the Plan and/or the Retirement Board regarding Plaintiff's entitlement to benefits, if any, are supported by substantial evidence in the Plan administrative record regarding Plaintiff's claim, are neither arbitrary and capricious nor an abuse of the Retirement Board's broad discretion under the Plan, and are reasonable.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by his failure to satisfy the terms of the Plan regarding the benefits Plaintiff seeks.

WHEREFORE, having fully answered, the Retirement Board prays that judgment be entered in its favor dismissing the Complaint with prejudice and awarding the Plan its costs, reasonable attorneys' fees, and such other and further relief as this Court deems just and proper.

Dated:  August 30, 2010

    Respectfully submitted,

HUNTON & WILLIAMS LLP
*Counsel for The National Football League Retirement Board, Defendant*
1111 Brickell Avenue, Suite 2500
Miami, Florida 33131
TEL: (305) 810-2510
FAX: (305) 810-1610
E-Mail:  sdanon@hunton.com


By:\_\_\_\_/s/ Samuel A. Danon\_\_\_
    Samuel A. Danon
    Florida Bar No. 892671

*Pro Hac Vice* to be Submitted:

Hisham Amin
GROOM LAW GROUP, CHARTERED
1701 Pennsylvania Avenue, N.W.
Suite 1200
Washington, DC 20006-5811
t: (202) 861-5430
f: (202) 659-4503
e: hamin@groom.com

*Attorneys for Defendant Retirement Board of the Bert Bell/Pete Rozelle NFL Player Retirement Plan*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of August 2010, I caused to be mailed, by first-class U.S. Mail, postage pre-paid, the foregoing Answer and Affirmative Defenses of the Retirement Board of the Bert Bell/Pete Rozelle NFL Player Retirement Plan to:

Eugene "Mercury" Morris
11312 SW 243 Terrace
Princeton, Florida 33032

By:  /s/ Samuel A. Danon